## STATE COURT OF APPEALS—Continued

### No. 325
### SCOFIELD v. GOLD

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4889.   Decided Feb. 20, 1924

**829. NEGLIGENCE** — Refusal t o instruct necessity of proof, that floor was covered with water and soap, is pre-requisite to recovery for injury from falling on slippery floor, is erroneous.

RICHARDS, J.                Epitomized Opinion
Published Only in Ohio Law Abstract

Gold sued Scofield in Cleveland Municipal Court to recover damages for personal injuries claided to have been suffered by slipping and falling on a wet and soapy floor in the hallway of the office building controlled by Scofield, as trustee. The jury returned a verdict for $500. At the close of the evidence in the trial court counsel for Scofield requested the judge to give the following charge: "Unless you find by a preponderance of the evidence that the floor where the plaintiff claims to have fallen was covered with water and soap as alleged in plaintiff's statement of claim, your verdict must be for the defendant." The court refused to give this charge. This is assigned as error. In reversing the judgment, the Court of Appeals held:

1. "We are unable to discover any reason why the instruction, which was requested, should not have been given to the jury. It is a plain and unequivocal statement of the law directly applicable to the case made by the pleadings and evidence. The failure to give the instruction was clearly prejudicial error requiring a reversal of the judgment."

Attorneys—Niman, Grossman, Buss & Holliday, for Scofield; Bernsteen & Bernsteen, for Gold, all of Cleveland.

### No. 326
### HARVARD HEIGHTS REALTY CO. v. FORD REALTY CO.

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4579.   Decided Feb. 4, 1924

**651.INTEREST AND USURY**—Interest on purchase price of property must be paid regardless of option extension on contract therefor, although the option not exercised.

VICKERY, J.                Epitomized Opinion
Published Only in Ohio Law Abstract

Ford Co. secured from Harvard Co. option to purchase large acreage near Warrensville. The option provided that the Ford Co. might have an extension of the option by the payment of $1,500 and interest on the purchase price ($82,000) at 6 per cent, figured quarterly. The Ford Co. signified its intention of extending the option by paying $1,500. Thereafter,

but before the option as extended had expired, the Ford Co. notified the Harvard Co. that it did not intend to exercise the option, and refused to pay any interest, which had not been previously demanded. The Harvard Co. sued the Ford Co. in Cuyahoga Common Pleas to collect this interest. The case was previously argued in the Court of Appeals, the first district judges sitting, who rendered judgment for the Ford Co. A rehearing was subsequently granted. In rendering judgment for the Harvard Co., the Court of Appeals held:

1. "This court has come to the conclusion that the plaintiff below is entitled to recover this interest. We agree that the Harvard Heights Realty Co. might have refused to extend this option on Nov. 1 without the payment of the interest, but we do not agree that they could receive the $1,500 and then say the option was not extended. We are satisfied that if they had sought to sell this property before Feb. 1, they would have been met by the other side with the proposition that their option was still in force. By securing the extension of the option, the Ford Co. thereby agreed to pay the entire consideration therefor, including the interest."

Attorneys—Baker, Hostetler & Sidlo, for Harvard Heights Realty Co.; Wilkin, Cross & Daoust, for Ford Realty Co., all of Cleveland.